IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TIMOTHY MARK ANDERS, | ) | CASE NO. 11-70995 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| ARVILLA PIPELINE | ) | |
| CONSTRUCTION CO., INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding No. 11-07039 |
| v. | ) | |
| | ) | |
| TIMOTHY MARK ANDERS | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM DECISION**

The matter before the Court for decision is the Debtor's Motion to Dismiss (the "Motion") this adversary proceeding seeking a determination of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) of his asserted liability to the Plaintiff, Arvilla Pipeline Construction Co., Inc. ("Arvilla"), for certain alleged pre-petition wrongful actions on his part which are claimed to have damaged Arvilla's property and business. The ground for such Motion is that the complaint initiating this adversary proceeding was untimely in that it was filed after the deadline set by Bankruptcy Rule 4007(c). Arvilla concedes that the complaint was filed after the date provided for in the Rule, but seeks an equitable exception to the enforcement of that provision on the ground that the Court's notice to creditors of the bankruptcy filing failed to set forth the date by which such a complaint was required to be filed and that the Court has not provided to it any other notice of such bar date. Federal Rule of Bankruptcy Procedure 4007(c)

expressly provides that "[t]he court shall give all creditors no less than 30 days' notice of the time so fixed [to file a non-dischargeability complaint] in the manner provided in Rule 2002."

The relevant facts are not in dispute. The Debtor filed a Chapter 11 bankruptcy petition on May 5, 2011. Notice of this filing was sent to all creditors listed on the Debtor's matrix on May 14, 2011. The Debtor then filed a Notice of Amendment to Debtor's Schedules of Creditors and/or Matrix on May 20, 2011 adding several creditors to his matrix, including Arvilla. Counsel for the Debtor certified that he mailed a copy of the notice to Arvilla on May 20. The notice specified the date, time and place of the section 341 meeting of creditors to take place on June 27, 2011. One section of that notice dealt with the issue of filing a complaint to obtain a determination of non-dischargeability as follows: "**Deadline to File a Complaint to Determine Dischargeability of Certain Debts:**" but did not set forth any date following that colon. The next section[1] of the notice dealt with the subject of filing a complaint objecting to the Debtor's discharge generally as follows:

**Deadline to File a Complaint Objecting to Discharge of the Debtor:**
*First date set for hearing on confirmation of plan.*
Notice of that date will be sent at a later time.

The reverse side of the notice contains general information about, among a number of others, the subject of discharge as follows:

Discharge of Debts   Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141(d). Unless the court orders otherwise, however, the discharge will not be effective until completion of all payments under the plan. A discharge means that you may never try to collect the debt from the debtor except as provided in the plan. **If you believe that a**

---

[1] Each of these two sections was set forth in its own individual rectangular box.

2

> **debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline.** If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 1141(d)(3), you must file a complaint with the required filing fee in the bankruptcy clerk's office not later than the first date set for the hearing on confirmation of the plan. You will be sent another notice informing you of that date. (emphasis added).

At the time of the bankruptcy filing Arvilla was engaged in pursuing litigation against the Debtor and other defendants in the United States District Court for the Southern District of West Virginia. On July 5, 2011 counsel for Arvilla filed a notice of appearance in the Debtor's bankruptcy case. On July 26, 2011 Arvilla filed in the case a motion seeking relief from the automatic stay so that it could continue the litigation in the District Court in West Virginia. On August 18, 2011, an Order was entered by this Court granting that motion. The date by which the complaint should have been filed was August 27, 2011. It wasn't filed until September 9, 2011.

At the hearing upon the Debtor's Motion, counsel for Arvilla, in addition to asserting that the creditors are entitled to the benefit of the thirty day notice provision specified in Bankruptcy Rule 4007(c), also suggested that the combination of the omission of the bar date on the front side of the notice and the general information on its reverse side made the notice confusing. Counsel did not request, however, any opportunity to offer evidence as to the precise nature of any confusion which arose and its basis in the form and/or language of the bankruptcy case filing notice. Accordingly, there is no evidence before the Court demonstrating that

Arvilla's failure to make a timely filing of its adversary proceeding was directly attributable to any deficiency in the content of the notice.

CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  A proceeding seeking a determination as to the dischargeability of a specific debt is explicitly set forth as a "core" bankruptcy matter in 28 U.S.C. § 157(b)(2)(I).

This Court has previously ruled, in reliance upon rulings by the 4th Circuit Court of Appeals in *Farouki v. Emirates Bank Int'l, Ltd. (In re Farouki)*, 14 F.3d 244, 248 (4th Cir. 1994) and the later unpublished decision in the case of *Litty v. Litty (In re Litty)*, 155 F.3d 559 (Table), 1998 U.S. App. LEXIS 15214, *4, 1998 WL 398737, *1 (4th Cir. July 8, 1998), that the filing dates set forth in Bankruptcy Rules 4004 and 4007 are not jurisdictional and that bankruptcy courts do have equitable power by virtue of the authority conferred in 11 U.S.C. § 105(a) to grant exceptions in "extraordinary cases."  *Valley Bank, N.A. v. Sears (In re Sears)*, A.P. No. 05-07080, Case No. 03-03328, slip op. at 5 (Bankr. W.D. Va. Aug. 29, 2005).[2]  The

---

[2]

    11 U.S.C. § 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Time limits for filing nondischargeability complaints are not jurisdictional time limits. *See Litty v. Litty* (*In re Litty*), 1998 U.S. App. LEXIS 15214, *4 (4th Cir. July 8, 1998). Consequently, the Court is not precluded from exercising its equitable powers in extraordinary cases. *See id.; see also Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248 (4th Cir. 1994).

4

*Farouki* decision dealt with an objection to discharge and therefore governed by Bankruptcy Rule 4004; the later decision in *Litty* extended its holding to objections to the dischargeability of specific debts dealt with in Bankruptcy Rule 4007(c).  This Court's decision in *Sears* dealt with a case originally filed as a Chapter 7 case, later converted to Chapter 13, and thereafter converted back to Chapter 7.  The date by which an objection had to be filed had expired prior to the original conversion to Chapter 13, but upon reconversion to Chapter 7 the Clerk's Office erroneously set a new date for filing § 523 objections.  The creditor filed an objection to the dischargeability of the debt owed to it and was met with a motion to dismiss on the ground of untimeliness, which this Court sustained on the basis that the creditor could not have detrimentally relied upon the later notice because its time to object had previously expired during the case's initial sojourn in Chapter 7 and therefore was not renewed upon the conversion back to Chapter 7.[3]

        The category of "extraordinary cases" in which extensions have been granted under the Court's § 105(a) authority have been narrow indeed.  Counsel for Arvilla has not been able to cite any decision granting such an equitable exception under facts comparable to those

---

[3] This Court notes the recent decision by District Judge Moon of this District in the case of *In re Campbell*, 2011 U.S. Dist. LEXIS 24790, 2011 WL 867176 (W.D. Va. March 11, 2011), in which he notes that "[t]he Fourth Circuit did not have occasion to decide in *Farouki* whether a bankruptcy court has equitable powers to grant an untimely motion for enlargement of time to file a complaint objecting to discharge because the motion for enlargement of time in that case was timely filed before the Rule 4004 deadline." *Id*. at *11, *4.  While this Court agrees with that observation in the sense that the Court of Appeals may have stated a broader ruling in *Farouki* than was absolutely required by the facts of that case, its own reading of *Farouki*, buttressed by its review of the later unpublished decision by the Court of Appeals in *Litty*, is somewhat different.  It seems safe to say though that in light of his rationale in *Campbell*, Judge Moon would approve of the result reached here although perhaps not all of my rationale in reaching that result.

presented in this case where counsel had filed a notice of appearance and actually prosecuted a motion in the underlying case weeks prior to the expiration of the deadline for filing certain § 523 complaints. The situations in which relief has been accorded appear to be limited to cases in which the bankruptcy court gave notice of a specific erroneous date beyond the correct bar date and the creditor or its counsel relied upon the incorrect notice and filed a complaint beyond the correct date but prior to the incorrect later date. The following language appearing in the *Isaacman* decision, a case cited by Arvilla's counsel, is instructive:

> Under the circumstances of this case, we agree with the Ninth and Tenth Circuits that if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts.

*Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 632 (6th Cir. 1994). The facts in this case are more like the situation presented to the court in the case of *Durham Ritz, Inc. v. Williamson (In re Williamson)*, 145 B.R. 329 (Bankr. N.D. Ala. 1994), where the notice stated incorrectly that the bar date for § 523 complaints was "to be set." Even so, the court ruled that the complaint filed beyond the date provided for in Rule 4007(c) was untimely and had to be dismissed.

In the present case the Court did not give notice of an incorrect date or that it would later set a date which the creditor relied upon to its detriment. It failed to give notice of any date, although its notice did correctly advise as to the scheduled meeting date of creditors from which the bar date pursuant to Rule 4007(c) could be rather readily determined. It is true

that this Court failed in its duty to give notice of the bar date as mandated by Rule 4007(c), but the failure to provide any date for filing a non-dischargeability complaint means that the creditor could not have relied upon a date never given.  The language on the reverse side of the notice makes clear that the dates for filing a § 523 complaint and for filing a § 727 objection to discharge in a Chapter 11 case are not identical and that only as to that latter date will the creditor "be sent another notice informing you of that date."  Surely there was some obligation on the creditor's part to determine for itself when the pertinent bar date would fall or to inquire of the Clerk's Office why the notice failed to contain any date in the block dealing with non-dischargeability objections.  The failure of the Court to do all that it should have done pursuant to the provisions of the Rule did not relieve creditors of their own duty to see to the protection of their own interests.  To extend the ruling of *Isaacman* to the facts presented here, where this Court did not provide false information to the creditors, the objecting creditor was listed in the debtor's amended mailing matrix,[4] and it was sent with a delay of only six days the same notice of the bankruptcy case as all other creditors, would be logically inconsistent with 11 U.S.C. § 523(a)(3)(B), which excepts from discharge unscheduled debts which otherwise would be controlled by Rule 4007(c) unless the creditor "had notice or actual knowledge of the case in time for . . . timely filing [of a proof of claim and complaint]."  In such a case "actual knowledge" of the bankruptcy filing in time to file a complaint is all that is required, not actual knowledge plus at least thirty days notice of the bar date.  The Court sees no persuasive reason to conclude that to give a scheduled creditor with both notice and actual knowledge of the

---

[4] The Debtor's schedules were filed on the same date as the amended mailing matrix and did list Arvilla as a creditor.

7

bankruptcy case more favorable treatment than an unscheduled creditor would be entitled to receive under the applicable Code provision would be an equitable result in accord with § 105(a) of the Code.  Therefore, it concludes that the facts of this case, while unfortunate and embarrassing to the Court, do not present the type of "extraordinary" circumstances justifying the Court in disregarding the explicit deadline imposed by Bankruptcy Rule 4007(c).  Therefore, the Debtor's Motion will be granted.

An order in accordance with this Memorandum Decision will be entered contemporaneously herewith.

DECIDED this 4th day of November, 2011.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE